UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-23954-ALTMAN

**JOHN BOTH** and
**CORE VITALS, LLC**,

    *Plaintiffs*,

v.

**BERNARD ASHBY, MD**,

    *Defendant.*
_____/

## ORDER DENYING WITHOUT PREJUDICE
## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Our *pro se* Plaintiffs, John Both and his business Core Vitals, LLC, have moved to proceed *in forma pauperis* ("IFP"). *See* IFP Motion [ECF No. 3]. Both alleges that he "performed cardiac arrhythmia testing services for Defendant Bernard Ashby from January 18, 2022, to June 18, 2024," but he says that Dr. Ashby "failed to pay for services rendered[.]" Complaint [ECF No. 1] ¶¶ 5–6. Both also asserts that we have "jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000." *Id.* ¶ 1. But Both hasn't established that we have subject-matter jurisdiction over his case, and he can't maintain an action against Dr. Ashby on behalf of Core Vitals. Accordingly, we'll **DENY** the IFP Motion **without prejudice**, **DISMISS** the Complaint, and **GRANT** Both leave to redress these issues by filing an amended complaint.

### THE LAW

A court may authorize a party to proceed *in forma pauperis* in any suit so long as that party complies with the prescriptions of 28 U.S.C. § 1915. Accordingly, the court must screen such cases and must dismiss a complaint if it concludes that "the action or appeal . . . (i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997) (explaining the grounds for dismissal under § 1915).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (cleaned up).

Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that "leniency does not give a court license to serve as *de facto* counsel for a party or rewrite an otherwise deficient pleading in order to sustain an action," *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (cleaned up). *Pro se* litigants cannot "simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. . . . Judges cannot and must not fill in the blanks for *pro se* litigants; they may only cut some linguistic slack in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

## ANALYSIS

Both appears to be asserting a straightforward breach-of-contract claim against Dr. Ashby. Both says that—although he invoiced Dr. Ashby for "cardiac arrhythmia testing services provided from January 18, 2022, to June 18, 2024"—Dr. Ashby has "refused to pay the outstanding balance." Complaint ¶¶ 7, 9. Since Both's claim doesn't sound in federal law, we can exercise subject-matter jurisdiction over the case only "if the matter in controversy exceeds the sum of value of $75,000,

2

*exclusive of interest and costs*, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1) (emphasis added); *see also, e.g.*, *Kamash v. Underwriters at Lloyd's, London*, 2014 WL 5176584, at *1 (M.D. Ala. Oct. 14, 2014) (Watkins, C.J.) ("[G]iven that the Complaint asserts a breach-of-contract claim and fails to plead a federal question, it is presumed that Plaintiffs filed this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."). There are two essential elements of our diversity jurisdiction. *First*, the plaintiff must show that "there is complete diversity of parties, meaning that no plaintiff is a citizen of the same State as any defendant." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 450 (2019); *see also Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant."). *Second*, the plaintiff must allege that the "amount in controversy . . . exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

Both hasn't satisfied either element. *First*, we cannot say that *all* of the parties are completely diverse from one another. Both has certainly established the citizenship of two of the three parties: Both is a resident and citizen of New York, *see* Complaint ¶ 3, and Dr. Ashby is a resident and citizen of Florida, *see id.* ¶ 4. But the Complaint is silent on the citizenship of Core Vitals. *See generally* Complaint. An LLC (like Core Vitals) "is a citizen of every state that any member is a citizen of." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017). Both hasn't met his burden "to adequately allege the citizenships of the members" of Core Vitals since his Complaint says nothing about Core Vitals' members or where they live. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). Without this information, cannot say that Core Vitals is diverse from Dr. Ashby.

*Second*, Both hasn't shown that the amount in controversy exceeds $75,000. Both claims that Dr. Ashby is "liable for the total amount of $77,805[.]" Complaint ¶ 6. Both reached this number by adding the following sums: $12,771 in "Outstanding Test Costs and Fees"; $402 for the "Federal

3

Court Filing Fee"; $90 in "Service Costs"; $6,500 in "Legal Fees"; $150 in "Miscellaneous Costs"; and $57,892 in "Punitive Damages." *Ibid.* Put another way, Both's amount-in-controversy computation includes $12,771 in actual damages, $57,892 in punitive damages, and $7,142 in various costs and fees. But "interests and costs" cannot be used to calculate the amount in controversy. 28 U.S.C. § 1332(a). In other words, the $7,142 in costs and legal fees aren't part of the amount-in-controversy calculus. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003) ("The general rule is that attorneys' fees do not count towards the amount in controversy unless they are allowed for by statute or contract."); *Fusco v. Victoria's Secret Stores, LLC*, 806 F. Supp. 2d 1240, 1244 n.2 (M.D. Fla. 2011) (Conway, J.) ("Fusco is correct when she asserts that court costs and interest cannot be incorporated into the amount in controversy calculation."). Without these $7,142 in costs and fees, Both's damages are only $70,663 ($12,771 in actual damages plus $57,892 in punitive damages). That's just short of the $75,000 he needs to establish our diversity jurisdiction.

One more thing. Both is proceeding *pro se* on behalf of himself and Core Vitals. Both has the right to represent himself in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). But the right to proceed *pro se* "does not extend to the representation of the interests of others." *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008). Since an LLC "is an artificial entity that can act only through agents, [it] cannot appear *pro se*, and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). This is true even if Both is the sole member and *de facto* alter ego of Core Vitals. *See Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 133 (2d Cir. 2009) ("Thus, we have held that a layperson may not represent a corporation of which he is the sole shareholder [or] a limited liability company of which he is the sole member[.]"); *see also United States v. Hagerman*, 545 F.3d 579, 581–82 (7th Cir. 2008) ("But the right to conduct business in a form that confers privileges, such as the limited personal liability of

4

the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity."). If Core Vitals wants to assert a claim against Dr. Ashby, it *must* hire a lawyer to represent it in federal court.

In general, a *pro se* plaintiff must be given "at least one opportunity to amend [his] claims . . . if it appears a more carefully drafted complaint might state a claim upon which relief can be granted[.]" *Silva v. Bieluch*, 251 F.3d 1045, 1048 (11th Cir. 2003) (cleaned up). We'll therefore allow Both to file an amended complaint, which must establish a proper basis for our subject-matter jurisdiction over the case. This will also give Core Vitals an opportunity to retain counsel if it wishes to remain a Plaintiff in this action.[1] But Both won't be given any other chances to meet this baseline requirement. If Both's amended complaint fails to establish our subject-matter jurisdiction, we'll dismiss it *without leave to amend*.

\*\*\*

After careful review, therefore, we **ORDER and ADJUDGE** as follows:

1. The Plaintiffs' Complaint [ECF No. 1] is **DISMISSED without prejudice**. The Plaintiffs are **GRANTED** leave to file an amended complaint that complies with this Order by **November 15, 2024**. Failure to comply with this Order will result in the case being dismissed without prejudice and without further notice. *See* FED. R. CIV. P. 41(b).

2. The IFP Motion [ECF No. 3] is **DENIED without prejudice**. The Plaintiffs shall re-file an amended IFP motion along with their amended complaint.

3. The Clerk is directed to administratively **CLOSE** this case. The Court will reopen the case once the Plaintiffs have filed their amended complaint and otherwise complied with this Order.

---

[1] If Core Vitals doesn't hire an attorney, we'll dismiss it as a party. Of course, if Core Vitals is no longer a party, Both won't need to allege its citizenship for diversity purposes in his amended complaint.

5

**DONE AND ORDERED** in the Southern District of Florida on October 16, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   John Both, *pro se*

6